# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D22-0273
LT Case No. 2018-CA-000777

_____

DAVID EDWARD MELOCHOIRE
and MARCELLA MELOCHOIRE,

      Appellants,

      v.

TODD P. BOETZEL, as PERSONAL
REPRESENTATIVE of the ESTATES
of JUDITH ANN BOETZEL and
DALE VERNIE BOETZEL,

      Appellees.

_____

On appeal from the Circuit Court for Citrus County.
Carol A. Falvey, Judge.

Ezequiel Lugo, of Banker Lopez Gassler, P.A., Tampa, for
Appellant.

John N. Bogdanoff, the Carlyle Appellate Law Firm, Orlando, for
Appellee.

December 1, 2023


PER CURIAM.

      AFFIRMED.

JAY and KILBANE, JJ., concur.
MAKAR, J., concurs, with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

MAKAR, J., concurring.

Dale and Judith Boetzel died when David Edward Melchoire negligently drove his pickup truck into them at approximately forty miles over the speed limit. The jury ultimately awarded the Boetzels' estate, i.e., the Boetzels' two sons, a little over $1 million collectively for their losses due to their parents' deaths.

An issue on appeal is whether the improper comments by the Boetzels' attorney, beginning at jury selection and continuing through closing argument, were sufficiently prejudicial to require a new trial. No question exists that the attorney's repeated comments were obviously improper; they are a compendium of what law students are taught *not* to say. The defendant-appellant says that a new trial is warranted, and it is hard to disagree.

But the question of prejudice is a tricky one, i.e., who benefitted/lost by the attorney's behavior. On the one hand, perhaps a jury on retrial would reach a lesser or zero verdict without the improper comments. On the other hand, a $1 million dollar verdict to compensate for the loss of two parents, even at advanced ages, seems low by contemporary standards; a retrial could easily multiply the verdict amount because liability seems all but certain. Indeed, it may be that the plaintiff's attorney's improper actions were off-putting to the jurors, thereby harming the clients' interests and resulting in a damages award less than what the attorney insisted upon. Stated differently, but for the attorney's misconduct the jury may have been more favorably inclined to his clients and awarded greater damages. On balance, affirmance—in which I concur—is a just result.

3